**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Metropolitan Life Ins. Co., | ) | No. CV-12-02235-PHX-FJM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Yaily Gonzalez; Delman Gabilo, | ) | |
| Defendants. | ) | |

We now have before us Metropolitan Life Insurance Company's Motion to Deposit Interpleaded Funds (doc. 19). On March 28, 2013, we entered default judgment against defendant Gonzalez and ordered defendant Gabilo to file an answer (doc. 16). In response, defendant Gabilo filed a letter with the court on April 15, 2013, which we construe as her answer.

**IT IS ORDERED**:

1. The Clerk of the Court is to accept the $27,000.00 basic life insurance coverage (the "Life Benefits") decedent Ariel Gonzalez was entitled to as participant in the Starwood Hotels Life and Accidental Death Benefit Plan (the "Plan").

2. Defendants are restrained and enjoined from instituting any action or proceeding in any federal or state court against MetLife, Starwood or the Plan for the recovery of the Life Benefits by reason of the death of decedent Ariel Gonzalez.

3. MetLife is dismissed with prejudice from this action and MetLife, Starwood, and the Plan are discharged from any further liability upon payment of the Life Benefits.

4. MetLife is awarded its costs of $404.49 and attorney's fees of $3,352.80 incurred in this action. We deny MetLife's request that these fees be paid from the interpleaded fund. Where a defendant in an interpleader action advances arguments that have no support in law or fact, it is appropriate to compel that defendant to pay fees and costs associated with the action. The true beneficiaries of the policy should not have to bear the costs of what appeared on its face to be a frivolous, if not fraudulent, claim. Therefore, **IT IS ORDERED GRANTING** fees and costs in the total amount of $3,757.29 in favor of MetLife and against defendant Gonzalez.

5. Due to default judgment having been entered against defendant Gonzalez, there is no longer a dispute as to the proper disbursement of the Life Benefits. Therefore, **IT IS ORDERED** that the Clerk of the Court shall enter final judgment in favor of defendant Gabilo and against defendant Gonzalez. The Clerk is **FURTHER ORDERED** to disburse the Life Benefits ($27,000.00) to defendant Gabilo at the address listed on the docket.

DATED this 21st day of May, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge